UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON, | No. 2:14-cv-0279 TLN CKD |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| ANIL PATEL, et al., | |
| Defendants. | |

Presently before the court is plaintiff's motion for default judgment. This matter was submitted without oral argument. The undersigned has fully considered the briefs and record in this case and, for the reasons stated below, will recommend that plaintiff's motion for default judgment be granted.

Plaintiff is a permanently disabled wheelchair user. Defendants operate a motel located in Kings Beach, California. The complaint alleges that plaintiff visited the subject establishment in September, 2013 and encountered architectural barriers which denied him full and equal access.

The record reflects that defendant Anil Patel was properly served with process by personal service on March 5, 2014 and defendant Nayna Patel was properly served by substituted service on March 5, 2014. Defaults were entered on April 28, 2014 against defendant Anil Patel and on May 7, 2014 against defendant Nayna Patel. Plaintiff thereafter filed a motion for default judgment with a proof of service reflecting service of the motion on defendants. Plaintiff seeks

1

an entry of default judgment in the amount of $4,000 pursuant to California Civil Code section 52(a)[1] and attorney's fees and costs in the amount of $2,712.50 as well as injunctive relief.[2]

Entry of default effects an admission of all well-pleaded allegations of the complaint by the defaulted party. Geddes v. United Financial Group, 559 F.2d 557 (9th Cir. 1977). The court finds the well pleaded allegations of the complaint state a claim for which relief can be granted. Anderson v. Air West, 542 F.2d 1090, 1093 (9th Cir. 1976). The memorandum of points and authorities and affidavits filed in support of the motion for entry of default judgment also support the finding that plaintiff is entitled to the relief in the form of statutory damages, attorney's fees and injunctive relief requested in the prayer for default judgment, which does not differ in kind from the relief requested in the complaint. Henry v. Sneiders, 490 F.2d 315, 317 (9th Cir.), cert. denied, 419 U.S. 832 (1974). Plaintiff is entitled to statutory damages for each "offense," i.e., each obstructed visit. See Lentini v. Cal. Ctr. for the Arts, 370 F.3d 837, 847 (9th Cir. 2004); see also Feezor v. DeTaco, Inc., 431 F.Supp.2d 1088 (S.D. Cal. 2005). The amount of attorney's fees requested by plaintiff is reasonable. With respect to plaintiff's claim for injunctive relief, the court finds that defendants have failed to provide an accessible parking space and accessible sleeping rooms for transient lodging, including an accessible restroom, as required by 28 Code of Federal Regulations, Part 36, Appendix D, ("ADAAG"). There are no policy considerations which preclude the entry of default judgment of the type requested. See Eitel v. McCool, 782 F.2d 1470, 1471-1472 (9th Cir. 1986) (factors that may be considered by the court are possibility of prejudice to the plaintiff, merits of plaintiff's substantive claim, sufficiency of the complaint, sum of money at stake in the action; possibility of a dispute concerning material facts; whether the default was due to excusable neglect, and strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits).

/////

---

[1] The Unruh Civil Rights Act provides, in relevant part, for a minimum statutory damage amount of $4,000 per violation. Cal. Civ. Code § 52(a).

[2] Plaintiff seeks injunctive relief requiring defendants to remove identified architectural barriers only to the extent such alterations are readily achievable.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for default judgment (ECF No. 9) against defendants be granted;

2. Plaintiff be awarded statutory damages in the amount of $4,000.00 and attorney's fees and costs in the amount of $2,712.50, for the total sum of $6,712.50.

3. Plaintiff be granted an injunction requiring defendants to provide readily achievable property alterations to the property known as "Sun N Sand Lodge" a motel located at 8308 N. Lake Blvd, Kings Beach, California that consist of the following, all in accordance with the Americans With Disabilities Act of 1990 (ADA) and the Americans With Disabilities Act Accessibility Guidelines (ADAAG) contained in 28 Code of Federal Regulations Part 36, Appendix D: an accessible reserved handicapped parking space (ADAAG 4.1.2), an accessible restroom with compliant entrance door handle and compliant side and rear grab bars and knee clearance (ADAAG 4.13.9, 4.16.4, 4.19.2), and accessible sleeping rooms (ADAAG 9.1.2).

4. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 14, 2014

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4 johnson-patel.def